JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01427-R-AS | Date | 07-18-2019 |
|---|---|---|---|
| Title | ***Nataliya Borchenko v. L'Oreal USA, Inc.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Case or, in the Alternative, to Stay Under Primary Jurisdiction (DE 22)**

## I.   INTRODUCTION

On February 26, 2019, Plaintiff Nataliya Borchenko ("Plaintiff") filed a Complaint asserting a single cause of action for Violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*, against Defendant L'Oreal USA, Inc. ("Defendant").

Presently before the Court is Defendant's Motion to Dismiss Case or, in the Alternative, to Stay Under Primary Jurisdiction. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

## II.   Factual Background

Plaintiff alleges that Defendant has manufactured, marketed, sold, and distributed several skin care products under its Revitalift line, including (1) Anti-Wrinkle + Firming Eye Treatment; (2) Anti-Wrinkle + Firming Face & Neck Moisturizer; (3) Anti-Wrinkle + Firming Day Moisturizer; (4) Anti-Wrinkle + Firming Night Cream Moisturizer; (5) Cicacream; (6) Triple Power Intensive Skin Revitalizer Serum + Moisturizer; (7) Triple Power Day Lotion Moisturizer; (8) Triple Power Deep-Acting Moisturizer; (9) Triple Power Intensive Anti-Aging Overnight Mask; (10) Triple Power Eye Treatment; (11) Triple Power Concentrated Serum Treatment; (12) Triple Power Intensive Anti-Aging Day Cream Moisturizer; (13) Double Lifting Face Treatment; (14) Double Lifting Eye Treatment; (15) Bright Reveal Brightening Peel Pads; (16) Bright Reveal Brightening Day Moisturizer; and (17) Bright Reveal Brightening Dual Overnight Moisturizer (the "Products"). Plaintiff alleges that the Products make various representations including (1) that they reduce wrinkles; (2) that they "lift" the skin; (3) that they "firm," "tighten," or "redensify" the skin; and (4) that they "strengthen" and "repair the skin barrier." Plaintiff contends that these representations are unlawful because they are "skin structural representations," qualifying them as "drugs" under California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"). Cal. Health & Safety Code § 109925(c). Moreover, she contends that the Food

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01427-R-AS | Date | 07-18-2019 |
|---|---|---|---|
| Title | *Nataliya Borchenko v. L'Oreal USA, Inc.* | | |

and Drug Administration ("FDA") has declared such representations to be "drug claims," making the Products drugs under the federal Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C. § 301, *et seq.*

Plaintiff asserts that cosmetics cannot be marketed as skin structure altering drugs without pre-approval from the FDA through the New Drug Application ("NDA") process unless they conform to a "monograph" for a particular drug category. Monographs identify approved ingredients for specified uses generally recognized as safe and effective. Products containing active ingredients that are non-monograph cannot be marketed to the public without an approved NDA, which requires, *inter alia*, that Defendant present evidence that the products are safe and effective for their represented uses. Plaintiff alleges that the active ingredients in the Products do not conform to monographs for wrinkle prevention, elimination, and reduction; skin lifting, tightening, and firming; or improving skin elasticity. Defendant did not subject the Products to the NDA process and did not obtain pre-approval from the FDA to sell the Products with the skin structural representations. However, Plaintiff takes no position on whether the skin structural representations are true or false.

## III. JUDICIAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of implicit preemption and lack of standing. Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

21 U.S.C. § 337(a) implicitly preempts any private right of action to enforce the FDCA, providing in relevant part, "proceedings for the enforcement, or to restrain violations, of this Act shall be by and in the name of the United States."

The FDCA defines cosmetics as "articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body . . . for cleansing, beautifying, promoting attractiveness, or altering the appearance." 21 U.S.C. §321(i). Referencing this definition, Plaintiff contends that the Products are cosmetics. However, she argues that the Products are also "drugs" under the FDCA definition because they are "intended to affect the structure or any function of the body of man." 21 U.S.C. § 321(g)(1). California's Sherman Law parallels the FDCA in material part and adopts

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01427-R-AS | Date | 07-18-2019 |
|---|---|---|---|
| Title | *Nataliya Borchenko v. L'Oreal USA, Inc.* | | |

all nonprescription drug regulations.

In order to escape preemption by the FDCA, "[t]he plaintiff must be suing for conduct that violates the FDCA . . . , but the plaintiff must not be suing because the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman* [*Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 350 (2001)])." *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013) (citing *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010)). In *Perez*, the plaintiff brought a state law fraud-by-omission claim, asserting that the defendants misled the proposed class "by failing to disclose that [a medical device laser] was not FDA approved for hyperopic [LASIK] surgeries." *Id.* at 1117. The claim was preempted since it existed only because of the FDA approval system: "Like the fraud-on-the-FDA claims in *Buckman*, Perez's fraud by omission claim 'exist[s] solely by virtue of the FDCA . . . .' As in *Buckman*, 'the existence of these federal enactments is a critical element in their case.'" *Id.* at 1119. "Central to the Court's reasoning in *Buckman* was that the state law claim asserted there 'exist[ed] solely by virtue' of the federal enactments because state law traditionally had no role to play in policing 'the relationship between a federal agency and the entity it regulates.' But *Buckman* left intact claims 'relying on traditional state tort law which had predated the federal enactments' in question." *Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1235 (9th Cir. 2013) (Watford, J., concurring) (internal citations omitted).

The provisions of the Sherman Law cited by Plaintiff each rely on and essentially mirror parallel provisions of the FDCA. For instance, the section of the Sherman Law which limits the sale of new drugs is explicitly based on whether the product has received federal premarket approval: "No person shall sell, deliver, or give away any new drug . . . unless . . . (a) It is . . . (1) A new drug, and a new drug application has been approved for it and that approval has not been withdrawn, terminated, or suspended under Section 505 of the federal act (21 U.S.C. Sec. 355)." Cal. Health & Safety Code § 111550.

In addition to referencing the Sherman Law, Plaintiff relies heavily on FDA warning letters and informal guidance to argue that Defendant's products make "drug claims" and, therefore, must receive federal premarket approval.

In her Opposition, Plaintiff cites to *Farm Raised Salmon Cases*, 175 P.3d 1170 (Cal. 2008) for the contention that UCL claims like Plaintiff's are not preempted so long as they do not seek "to enforce the FDCA." However, the Complaint does in large part seek to enforce the FDCA since Plaintiff seeks injunctive relief requiring Defendant to receive premarket approval by the FDA before it can continue selling the Products as currently advertised. The fact that Plaintiff's claim is technically brought under the UCL and the Sherman Law does not override the fact that Plaintiff explicitly requests relief which "lies squarely within the province of the FDA." *Elkind v. Revlon*, 2015 WL 2344134, at *9 (E.D.N.Y. 2015). There can be no state law cause of action if a plaintiff's "true goal is to privately enforce alleged

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01427-R-AS | Date | 07-18-2019 |
|---|---|---|---|
| Title | ***Nataliya Borchenko v. L'Oreal USA, Inc.*** | | |

violations of the FDCA." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).

Furthermore, "federal law as determined by federal courts governs questions of federal preemption." *Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1213 n.3 (E.D. Cal. 2017) (citing *Mackey v. Lanier Collection Agency*, 486 U.S. 825, 830-31 (1988)). Accordingly, this Court is bound by Ninth Circuit precedent, including *Perez*, and not by *Farm Raised Salmon* or other California case law concerning preemption. Even if this Court was bound by *Farm Raised Salmon*, it is distinguishable from this case. The California Supreme Court found in *Farm Raised Salmon* that "plaintiffs' claims in this case do not require referring to, or applying, the FDCA." *Farm Raised Salmon*, 175 P.3d at 1097. Here, in contrast, Plaintiff specifically seeks "injunctive relief preventing the further unlawful sale of illegal and misbranded drugs until Defendant obtains approved NDAs [from the FDA] or removes the unlawful representations." Moreover, because the Sherman Law references and incorporates the FDCA, this Court cannot grant any relief to Plaintiff without referring to and applying provisions of the FDCA.

Finally, Plaintiff's UCL claim interferes with the FDA's enforcement and regulatory authority as set out in § 336 of the FDCA, which provides as follows: "Nothing in this Act shall be construed as requiring the Secretary [of Health and Human Services] to report for prosecution, or for the institution of libel or injunction proceedings, minor violations of this Act whenever he believes that the public interest will be adequately served by a suitable written notice or warning." Plaintiff's claim, like any private cause of action to enforce the FDCA, conflicts with this explicit grant of discretionary authority.

In sum, Plaintiff's UCL claim is impliedly preempted by federal law because it exists solely by virtue of the FDCA and law which references the FDCA, seeks to enforce provisions of the FDCA, and conflicts with the FDCA discretionary enforcement process. Thus, Plaintiff is suing not only for conduct that violates the FDCA but "because the conduct violates the FDCA." Thus, Plaintiff fails to state a claim upon which relief can be granted.

Because Plaintiff's claim is preempted by federal law, the Court declines to consider the parties' arguments regarding standing.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. (DE 22).

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cch | |